IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF TEXAS

TYLER DIVISION

| | | |
|---|---|---|
| JEREMY RAMONE BAILEY | § | |
| v. | § | CIVIL ACTION NO. 6:22cv247 |
| KEN PAXTON, ATTORNEY GENERAL | § | |

REPORT AND RECOMMENDATION
OF THE UNITED STATES MAGISTRATE JUDGE

Petitioner Jeremy Ramone Bailey, through counsel, filed a petition for a writ of habeas corpus

under 28 U.S.C. § 2254 and paid the filing fee.  The petition was referred to the undersigned United

States Magistrate Judge pursuant to 28 U.S.C. §636(b)(1) and (3) and the Amended Order for the

Adoption of Local Rules for the Assignment of Duties to United States Magistrate Judges.

I.    **Relevant Background**

Petitioner challenges his May 2006 conviction and ten-year sentence for a child sex crime,

asserting ineffective assistance of counsel. (Dkt. #1 at 1, 6.) Specifically, Plaintiff claims that both

counsel and his judgment of conviction falsely advised him that he would not be subject to sex offender

registration requirements and that he would not have pleaded guilty if he had known he would be

subject to such requirements. (*Id.* at 6.)

Petitioner did not appeal his conviction or sentence. He alleges that he did not discover the basis

for his claim of ineffective assistance of counsel until 2016, when he was released from prison and

informed that he was required to register as a sex offender. (Dkt. #1 at 14–15.) The next activity in his

case was Petitioner's filing a state habeas application, which was denied without written order on

October 21, 2021. (*Id.* at 7.) Petitioner does not provide a filing date for that application, but publicly

available records of the Texas Court of Criminal Appeals establish that his state habeas application was filed August 3, 2021. *See* Court of Criminal Appeals, Case: WR-75,545-02 Docket, available at https://search.txcourts.gov/Case.aspx?cn=WR-75,545-02&coa=coscca (last visited Jan. 18, 2023). The present federal petition was filed on July 5, 2022.

On July 8, 2022, the Court observed that the petition appeared to be untimely under 28 U.S.C. § 2244(d) and ordered Petitioner to respond and show cause within thirty days why his petition would not be barred by the statute of limitations. (Dkt. #5.) Petitioner has failed to respond to that Order.

## II.    Law and Analysis

The Antiterrorism and Effective Death Penalty Act (AEDPA) imposes a one-year limitations period for habeas petitions brought by prisoners challenging state criminal convictions. 28 U.S.C. § 2244(d).  Under this provision, the limitations period runs from the latest of four enumerated events:

(A)   the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;

(B)   the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;

(C)    the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or

(D)   the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

28 U.S.C. § 2244(d)(1).

Petitioner apparently relies on a newly-discovered factual predicate for his claim—the discovery in 2016 that he was required to register as a sex offender as a consequence of his conviction. Even assuming that he could not have discovered the registration requirement earlier through due diligence, Section 2244(d)(1)(D) gave him one year from the date of discovery to file his federal habeas petition.

Petitioner does not provide an exact date of discovery; he simply says it was "in 2016 when Texas authorities informed him for the first time that he was required to register as a sex offender." (Dkt. #1 at 14–15, 18; Dkt. #1-1 at 6.) Generously assuming that the date of discovery was December 31, 2016, Petitioner had until December 31, 2017, to file his federal habeas petition. His petition filed July 5, 2022, is thus more than four and a half years late unless some tolling applies to save it.

AEDPA provides that "[t]he time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection." 28 U.S.C. § 2244(d)(2). But Petitioner did not file such a petition until August 3, 2021, years after his federal limitations period had expired. A collateral review petition filed in state court after the AEDPA limitations period expired could not toll or restart that limitations period. *See Scott v. Johnson*, 227 F.3d 260, 263 (5th Cir. 2000) (holding that "Scott's state habeas application did not toll the limitation period under § 2244(d)(2) because it was not filed until after the period of limitation had expired"). Petitioner's state habeas application thus has no effect on the untimeliness of his federal petition.

Petitioner asserts that he is entitled to equitable tolling to make his petition timely. (Dkt. #1 at 14–15; Dkt. #1-1 at 9–11.) AEDPA's one-year limitations period may be subject to equitable tolling in extraordinary cases. *Davis v. Johnson*, 158 F.3d 806, 807 (5th Cir. 1998). Equitable tolling is a discretionary doctrine turning on the facts and circumstances of each case, and a petitioner bears the burden of establishing entitlement to equitable tolling in the AEDPA context. *Felder v. Johnson*, 204 F.3d 168, 171 (5th Cir. 2000); *Phillips v. Donnelly*, 216 F.3d 508, 511 (5th Cir. 2000); *Fisher v. Johnson*, 174 F.3d 710, 713 (5th Cir. 1999). To be entitled to equitable tolling, a petitioner must show: "(1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way and prevented timely filing." *Lawrence v. Florida*, 549 U.S. 327, 336 (2007) (citation and

internal quotation marks omitted). Equity does not benefit those who sleep on their rights. *Fisher v. Johnson* 174 F.3d 710, 715 (5th Cir. 1999); *Coleman v. Johnson*, 184 F.3d 398, 403 (5th Cir. 1999), *abrogated on other grounds by Causey v. Cain*, 450 F.3d 601, 605–06 (5th Cir. 2006).

Petitioner does not satisfy the standard for equitable tolling in this case. As reason for the requested tolling, he relies solely on his delayed discovery of his claim, characterizing the erroneous information provided by counsel and his criminal judgment as "rare and exceptional circumstances" that were beyond his control. (Dkt. #1-1 at 10–11.) But the delayed discovery and reasons for it are already accounted for in the application of Section 2244(d)(1)(D); otherwise, Petitioner's AEDPA limitations period would have begun to run when his conviction became final in 2006 and would have expired in 2007. *See* 28 U.S.C. § 2244(d)(1)(A) (providing one year from date on which conviction became final to file federal habeas petition). Petitioner does not allege any conditions <u>after</u> his 2016 discovery of his claim that caused him to delay six more years before filing his federal petition. That delay does not evidence the diligent pursuit of his rights that would entitle Petitioner to equitable tolling.

Thus, the latest possible date on which Petitioner's AEDPA limitations period expired was in December 2017. Accordingly, Petitioner's July 2022 Section 2254 petition is clearly untimely and must be dismissed on that basis.

Certificate of Appealability

An appeal may not be taken to the court of appeals from a final order in a habeas corpus proceeding unless a circuit justice or judge issues a certificate of appealability. 28 U.S.C. § 2253(c)(1)(A). A district court may deny a certificate of appealability *sua sponte* because the district court that denies a petitioner relief is in the best position to determine whether the petitioner has made a substantial showing of a denial of a constitutional right on the issues before that court. *Alexander v.*

*Johnson*, 211 F.3d 895, 898 (5th Cir. 2000).

To obtain a certificate of appealability, the petitioner must make a substantial showing that the petitioner has been denied a federal right.  *Newby v. Johnson*, 81 F.3d 567, 569 (5th Cir. 1996).  To do this, he must demonstrate that the issues are debatable among jurists of reason, that a court could resolve the issues in a different manner, or that the questions are adequate to deserve encouragement to proceed further. *James v. Cain*, 50 F.3d 1327, 1330 (5th Cir. 1995).

When the district court denies a habeas petition on procedural grounds without reaching the prisoner's underlying constitutional claim, a certificate of appealability should issue when the prisoner shows, at least, that jurists of reason would find it debatable whether the prisoner states a valid claim of the denial of a constitutional right, and that jurists of reason would find it debatable whether the district court was correct in its procedural ruling. *Slack v. McDaniel*, 529 U.S. 473, 484 (2000).

Jurists of reason would not find it debatable whether this Court's procedural ruling in this case is correct.  As a result, Petitioner is not entitled to a certificate of appealability.

<u>RECOMMENDATION</u>

It is accordingly recommended that this action be dismissed with prejudice as barred by the applicable statute of limitations and that a COA be denied *sua sponte*.

A copy of these findings, conclusions and recommendations shall be served on all parties in the manner provided by law.  Any party who objects to any part of these findings, conclusions, and recommendations must file specific written objections within 14 days after being served with a copy.

In order to be specific, an objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the Magistrate Judge's proposed findings, conclusions, and recommendation where the disputed determination is found. An objection that merely incorporates by reference or refers to the briefing before the Magistrate Judge is

not specific, and the district court need not consider frivolous, conclusive, or general objections. *See Battle v. United States Parole Commission*, 834 F.2d 419, 421 (5th Cir. 1987).

Failure to file specific written objections will bar the objecting party from appealing the factual findings and legal conclusions of the Magistrate Judge which are accepted and adopted by the district court except upon grounds of plain error. *Duarte v. City of Lewisville*, 858 F.3d 348, 352 (5th Cir. 2017).

**So ORDERED and SIGNED this 18th day of January, 2023.**

JOHN D. LOVE
UNITED STATES MAGISTRATE JUDGE